UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


WILSON SISTRUNK                                        PLAINTIFFS


VS.                              CIVIL ACTION NO. 3:05CV726LN


HYDRO ALUMINUM PUCKETT, INC.
AND STRATEGIC COMP SERVICES L.L.C.                     DEFENDANTS


MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of plaintiff

Wilson Sistrunk to remand pursuant to 28 U.S.C. § 1446, to which

defendants Hydro Aluminum Puckett, Inc. and Strategic Comp

Services, L.L.C. (Strategic) have separately responded in

opposition.  There is additionally pending a motion by Strategic

to dismiss.  Plaintiff has not responded to that motion, though

the time for responding is long past.  The court has first

considered the motion to remand and concludes it should be denied.

The court is further of the opinion that Strategic's motion to

dismiss is well taken and should be granted.

    Plaintiff Wilson Sistrunk brought this action in the Circuit

Court of Smith County against his employer, Hydro Aluminum, and

its workers' compensation insurance carrier, Strategic, alleging

claims based on "defendants'" alleged bad faith refusal to pay

workers' compensation benefits allegedly owed him as a result of

an on-the-job injury.  Defendants promptly removed the case,

contending that the resident/nondiverse defendant, Hydro Aluminum, was fraudulently/improperly joined to defeat diversity jurisdiction inasmuch as plaintiff has stated no viable claim for relief against this defendant. According to the notice of removal, the allegations of the complaint are vague and conclusory, contain no factual allegations relating specifically to Hydro Aluminum but rather generically charge "defendants" with various wrongful acts and omissions relating to the handling of plaintiff's workers' compensation claim. According to defendants, however, as a non-self-insured employer, Hydro Aluminum owes no duty to an employee that would support any claim for bad faith, as alleged by plaintiff.

In his motion to remand, plaintiff declares that his causes of action against Hydro Aluminum "do not arise solely out of the workers compensation policy."

> Rather, Plaintiff's claim is based on negligence, gross negligence, breach of good faith and fair dealing, and breach of contract. Plaintiff reported his work injury to his employer, Hydro Aluminum. . . If Hydro Aluminum . . . did not contact and notify Strategic Comp Services, L.L.C. of Plaintiff's injury then clearly Hydro Aluminum Puckett, Inc. was negligent.

No such allegation appears in the complaint, and the complaint otherwise identifies no factual basis upon which Hydro Aluminum could possibly be liable to plaintiff.

Plaintiff's complaint alleges generally that "defendants" were negligent and breached their contract and their duty of good faith and fair dealing in the following respects:

A.   Failure to comply with the terms and provisions of said policy when Defendants knew that the Plaintiff was entitled to said proceeds;

B.   Wilfully and in bad faith withholding or delaying payment or compliance with all policy provisions from the Plaintiff knowing that the Plaintiff's claim under said workers' compensation was valid;

C.   Refusal to honor the claim of the Plaintiff without a legitimate or arguable reason;

D.   Refusal to honor the claim of the Plaintiff for reasons contrary to the express provisions of the policy;

E.   Wilfully and in bad faith using the unequal wealth and bargaining position of the parties to effect economic gain for the Defendants;

F.   By refusing to comply with the policy terms at a time when the Defendants had insufficient information or other data within its possession to justify such action; and

G.   By other acts and omissions of the Defendants.

Contrary to plaintiff's claim, all of these allegations relate solely to the handling of plaintiff's putative workers' compensation claim and the failure to pay benefits.  Defendant Strategic has presented proof that it was solely responsible for all aspects and decisions related to the adjustment and handling of workers' compensation claims against Hydro Aluminum, including the determination of whether benefits would be paid, and that Hydro Aluminum's sole function was to pass along information to Strategic.  Again, however, although plaintiff takes the position in his motion to remand that Hydro Aluminum could potentially be liable "if" it failed to notify Strategic of plaintiff's injury,

there is no allegation or intimation in the complaint that this occurred (and notably, the motion to remand recites that the employer could be liable "if" it failed in this regard).  This would not state a claim, even if it were included in the complaint.

As plaintiff has alleged no facts that could reasonably be found to support a claim against Hydro Aluminum, it follows that this defendant was improperly joined and that its citizenship is to be disregarded, with the result that this court has diversity jurisdiction over this cause.

That brings the court to Strategic's motion to dismiss, wherein it takes the position that plaintiff can have no viable claim at this time based on any alleged failure to pay workers' compensation benefits since plaintiff has not filed a petition to controvert before the Mississippi Workers' Compensation Commission and received an adjudication of entitlement to workers' compensation benefits.  In <u>Walls v. Franklin Corp and Employers Insurance of Wausau</u>, 797 So. 2d 973 (Miss. 2001), the Mississippi Supreme Court held that a workers' compensation claimant would first have to establish his entitlement to benefits through the administrative process before pursuing a bad faith suit.  <u>See also</u> <u>Billingsley v. United Technologies Motor Systems</u>, 895 S. Supp. 119, 121 (S.D. Miss. 1995) (finding for plaintiff on bad faith claim would presume plaintiff's entitlement to all benefits

4

claimed which, if made preceding exhaustion of administrative remedies, could prove inconsistent with workers' compensation determination); Shepard v. Boston Old Colony Ins. Co., 811 F. Supp. 225, 232 (S.D. Miss. 1992) (holding that the opportunity to recover damages for a bad faith determination or denial of workers' compensation benefits exists only after a determination of entitlement to workers' compensation benefits).

Here, defendants contend that plaintiff has not even filed a claim for workers' compensation benefits with the Mississippi Workers' Compensation Commission, and thus his claimed entitlement to compensation benefits has yet to be addressed, much less fully adjudicated by the Workers' Compensation Commission.  Plaintiff has offered no proof or argument to the contrary, and therefore, the motion to dismiss will be granted.

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied, and that Hydro Aluminum is due to be dismissed for lack of any potentially viable claim.  It is further ordered that Strategic's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 27th day of April, 2006.


                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE


                                    5